UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LFAYETTE DIVISION

| | |
|---|---|
| **SPARTAN DIRECTIONAL, L.L.C.** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE:** |
| **ENERGY SERVICES SOUTH, LLC** | **MAGISTRATE JUDGE**: |

CLAIM FOR FRAUD, UNFAIR TRADE PRACTICES,
BREACH OF CONTRACT, NEGLIGENCE AND MONIES DUE

NOW INTO COURT COMES Claimant, SPARTAN DIRECTIONAL, L.L.C., a Louisiana Limited Liability Company, who for the purpose of filing this Claim for Fraud, Unfair Trade Practices, Breach of Contract, Negligence and Monies Due, states as follows:

1.

Made Defendant herein is ENERGY SERVICES SOUTH, LLC, a Mississippi Limited Liability Company, authorized to do and doing business in the state of Louisiana, with a registered office located at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816, who is liable to Claimant for all damages allowed under law and equity as a result of fraud, reckless actions, negligence and/or breach of its obligations, together with attorney's fees, costs and court costs incurred by Claimant.

2.

Jurisdiction is proper in accordance with 28 U.S.C.A. § 1332 as each of the parties are domiciled in different states, Claimant is domiciled in Louisiana, and Defendant is domiciled in Mississippi, and the amount in controversy exceeds $75,000.00.

3.

This court has personal jurisdiction over Defendant in that Defendant is registered to do and doing business in the State of Louisiana, and the actions committed by Defendant which led to this litigation along with the damages incurred by Claimant occurred in Louisiana and within the geographical jurisdiction of this court. Thus, venue is proper in accordance with and pursuant to 28 U.S.C. § 1391(b).

4.

Defendant entered into a prime contract with Plains GP, LLC ("Owner") to perform certain drilling and pipeline construction for the Diamond Spread 3 Project (herein sometimes referred to as the "Project")

5.

In furtherance of the prime contract, Defendant entered into a sub-contract with Claimant in which Claimant agreed to perform certain drilling and/or crossing services for the Project.

6.

Claimant completed its scope of work under the sub-contract and at some point and time prior to the completion of the Project, and at the request of Defendant, Claimant provided certain work, labor, materials and/or services for the Project which were outside the initial scope of work included in the subcontract.

7.

Regarding this additional work, labor, material and/or services, Defendant initiated discussions through email with Claimant in Lafayette, Louisiana asking Claimant to submit a

change order for the costs and expenses incurred by Claimant for the additional work, labor, materials and/or services, which amount of the change order totaled **$827,684.34**.

8.

Defendant agreed to submit the change order and agreed to take all necessary actions to ensure claimant would be compensated in accordance with the change order.

9.

Thereafter, Defendant contacted Claimant at its office located in Lafayette, Louisiana and reported that the owner would not approve the change order and that no funds would be issued to either Claimant or Defendant regarding the work, labor, materials and/or services represented in the change order.

10.

Thereafter, Defendant initiated settlement discussions with Claimant regarding the change order. Eventually, Defendant offered to pay Claimant $150,000.00 from its own funds unrelated to the change order, and Defendant agreed to select Claimant to serve as a contractor and/or sub-contractor on future and upcoming projects, which projects would allow Claimant to earn profits that would well exceed the amount included in the change order. In exchange, Claimant would agree to relinquish claims against both Defendant and Owner regarding the change order.

11.

Because Defendant assured Claimant that neither Claimant nor Defendant would be compensated for the work, labor, materials and/or services represented in the change order,

Claimant accepted the offer to settle its claims against Defendant and Owner regarding the change order.

12.

Notwithstanding, on or about March 24, 2021, Claimant learned Defendant intentionally gave false information to Claimant regarding the change order. Claimant learned that in fact Defendant submitted the change order adding approximately $226,315.65 to the amount listed by Claimant, the change order was approved, and Defendant was compensated for the work, labor and/or services provided by Claimant for the Project. (See a copy of the Contractor's Change Order Authorization Form attached hereto as Exhibit "A")

13.

At no point in time did Defendant disclose to Claimant that it was compensated for the change order.

14.

All of the above interactions and communications between Defendant and Claimant were initiated by Defendant contacting Claimant while Claimant was located in its principle business establishment located in Lafayette, Louisiana. The settlement agreement was entered into by Claimant in Lafayette, Louisiana.

**CLAIM FOR FRAUD**

15.

Claimant maintained that Defendant intentionally committed fraud by inducing Claimant to enter into a settlement agreement for its claims related to and/or arising out of the change order,

intentionally reporting that Owner would not compensate either party for the change order, when in fact Defendant knew this was not true and in fact Defendant was compensated for the change order and at no time attempted to contact Claimant to report same.

16.

Had Claimant known that compensation would be issued for the change order, it would not have entered into the settlement agreement with Defendant.

17.

Further, at no time after entering the agreement did Defendant execute a contract with Claimant for an active or legitimate project.  Claimant maintains that at the time the parties entered the settlement agreement, Defendant had no intention to award or grant future legitimate contracts for active projects to Claimant. Claimant further maintains that the promise for future work by Defendant was included to fraudulently encourage Claimant to accept the agreement and forgo legitimate claims it had related to the change order.

18.

Claimant maintains that at the time of the agreement, Defendant not only knew the work, labor, materials and/or services represented in the change order would be compensated, but also the additional amounts Defendant added to the change order. Defendant also had no intention to assign or award future, legitimate, active contracts to Claimant in accordance with the terms of the agreement.

19.

Claimant contends that in accordance with the actions and/or inactions listed above, Defendant committed fraud which has resulted in damages to Claimant for which Defendant is liable, including special damages totaling the amount of the change order, loss profits, punitive damages, loss of business opportunity, general damages, and all other damages allowed under both law and equity and attorneys fees.

## CLAIM UNDER THE LOUISIANA UNFAIR TRADE PRACTICES ACT

20.

Defendant's conduct described herein offends established public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious, as Defendant engaged in the conduct with the express intent to fraudulently induce Claimant to enter into the settlement agreement which would allow Defendant to receive compensation for the change order while forgoing any obligation to Claimant to compensate Claimant for the work, labor, material and/or services Claimant extended for the Project.

21.

By engaging in the conduct described herein, Defendant fraudulently convinced Claimant not to pursue payment in accordance with the change order. Defendant actions and/or inactions by reporting to Claimant that compensation was not and would not be issued for the change order, and promising to award future contracts to Claimant, was fraudulent, committed for the specific purpose of allowing Defendant a financial advantage and to retain funds for which it was not owed. This conduct violated the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, et seq. (the

"LUTPA"). Thus, Defendant is not only liable for the damages listed above, but is also liable for treble damages and attorney's fees in accordance with the LUPTA.

## BREACH OF CONTRACT

21.

Claimant further maintains that Defendant breached the settlement agreement by failing to award future contracts to Claimant and Defendant are liable for the damaged incurred by Claimant, which Damages include loss profits, loss earnings and loss business opportunity.

## CLAIMS FOR NEGLIGENCE

22.

In the alternative, Claimant maintains that the actions listed above by Defendant at the very least were negligent and/or reckless which has resulted in damages to Claimant, for which Defendant is liable, including all special and general damages allowed under both law and equity.

WHEREFORE, PREMISES CONSIDERED, SPARTAN DIRECTIONAL, L.L.C. prays that after due proceedings are had, that a judgment be issued in its favor and against Defendant, ENERGY SERVICES SOUTH, LLC, ordering Defendant to pay to SPARTAN DIRECTIONAL, L.L.C. all damages allowed under both law and equity, including special damages totaling **$827,684.34**, loss profits, loss earnings, loss business opportunity, treble damages, attorneys fees, costs, court costs, and judicial interest calculated from the date of judicial demand until paid.

SPARTAN DIRECTIONAL, L.L.C. requests a trial by jury on all claims for damages.

                                         Respectfully Submitted:

ALLEN & GOOCH
A Law Corporation

**_s/Robert A. Robertson_**
CADE A. EVANS, #24405
ROBERT A. ROBERTSON, #27060
2000 Kaliste Saloom Rd., Ste. 400 (70508)
P.O. Box 81129
Lafayette, LA  70598-1129
337-291-1330 (phone)
337-291-1335 (fax)
Email: cadeevans@allengooch.com
        tonyrobertson@allengooch.com
Counsel for Spartan Directional, L.L.C.

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LFAYETTE DIVISION

| | |
|---|---|
| SPARTAN DIRECTIONAL, L.L.C. | CIVIL ACTION NO. |
| VERSUS | JUDGE: |
| ENERGY SERVICES SOUTH, LLC | MAGISTRATE JUDGE: |

## VERIFICATION

STATE OF LOUISIANA

PARISH OF LAFAYETTE

BEFORE ME, the undersigned authority, Notary Public, personally came and appeared BOYD SIMON, who, after first being duly sworn, did depose and state that he has read the foregoing *Claim for for Fraud, Unfair Trade Practices, Breach of Contract, Negligence and Monies Due*, dated May 25, 2021 and that he verifies that the same are true and correct to the best of his knowledge, information and belief.

_____
BOYD SIMON

SWORN TO AND SUBSCRIBED BEFORE ME this 25th day of May 2021 in Lafayette, Louisiana.

_____
NOTARY PUBLIC

KATHRYN J. MANN
Notary Public
ID Number 14193
My Commission is For Life